UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH T. MCDONALD,<br><br>    Petitioner,<br><br>  v.<br><br>LANDON BIRD,<br><br>    Respondent.[1] | No.  2:20-cv-00881-TLN-CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se in this federal habeas corpus action filed pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss petitioner's federal habeas corpus application on the basis that it is barred by the statute of limitations. ECF No. 8. The motion has been fully briefed. See ECF Nos. 17,18. For the reasons discussed below, the court recommends that the motion to dismiss be granted and petitioner's application for federal habeas corpus relief be dismissed with prejudice as time barred.

////

---

[1] The court substitutes Landon Bird, Warden of Deuel Vocational Institution, as respondent in this matter pursuant to Rule 2(b) of the Rules Governing Section 2254 Cases. See also Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).

1

### I.     Factual and Procedural History

Petitioner was convicted in the Sacramento County Superior Court following his plea of no contest to two counts of second-degree robbery. See ECF No. 13-1 (Felony Abstract of Judgment). As part of his plea, petitioner admitted that he personally used a firearm and had one prior strike conviction. ECF No. 13-1. On February 9, 2017, he was sentenced to a determinate term of 19 years and 4 months of incarceration. ECF No. 13-1. Petitioner did not file a direct appeal of his conviction.

Petitioner filed a total of six state habeas petitions challenging his conviction.[2] On January 22, 2019, petitioner filed his first habeas corpus petition in the Sacramento County Superior Court.[3] See ECF No. 13-2 (docket sheet for Case No. 19HC00076). This state habeas petition was denied on March 13, 2019. See ECF No. 13-3. Next, petitioner filed a habeas corpus petition in the California Court of Appeal on May 7, 2019.[4] See ECF No. 13-4. It was denied on May 16, 2019. See ECF No. 13-5. Petitioner then filed another habeas petition in the Sacramento County Superior Court on June 17, 2019. See ECF No. 13-6. It was denied on October 11, 2019 after the court concluded that it was untimely filed. See ECF No. 13-7 (noting that "Petitioner would have been aware of the error since the date of sentencing."). On November 2, 2019, petitioner filed a habeas corpus petition in the California Court of Appeal. See ECF No. 13-8. It was denied on November 15, 2019. See ECF No. 13-9. Petitioner filed a habeas petition

---

[2] The court has reviewed only the first five that are relevant for adjudicating the motion to dismiss. The sixth state habeas corpus petition filed in the Sacramento County Superior Court is not available due to the COVID-19 courthouse closure. While respondent submitted a case information sheet from this state habeas petition, it is completely illegible and therefore has not been reviewed by the court. See ECF No. 14-1 (Lodged Document No. 12). The court afforded petitioner the benefit of the prison mailbox rule for his § 2254 petition filed on January 9, 2020 thereby rendering the sixth state habeas petition irrelevant. As a result, the court has not ordered the record to be supplemented with a legible copy of the docket sheet for petitioner's sixth state habeas corpus petition.

[3] The constructive filing date for this petition, as well as petitioner's third habeas corpus petition, could not be determined using the prison mailbox rule due to the COVID-19 pandemic's closure of the courthouse for the Sacramento County Superior Court. See ECF No. 11, n. 3.

[4] The filing date for all petitions filed in the California Court of Appeal as well as the California Supreme Court were all calculated using the prison mailbox rule.

in the California Supreme Court on January 9, 2020.  See ECF No. 13-10.  This petition was denied on March 25, 2020.  See ECF No. 13-11.

Petitioner filed the pending § 2254 application on January 19, 2020.[5]  ECF No. 1.  The petition raises two claims for relief.  First, "[p]etitioner asserts that the courts imposed an illegal enhancement in [his] plea."  ECF No. 1 at 2.  Petitioner also alleges that his trial counsel was ineffective for not presenting available evidence demonstrating that an actual firearm was not used.  ECF No. 1 at 2.  Rather, petitioner argues that a toy gun was used in the robberies and he attaches several police reports describing the weapon used as a fake gun.  ECF No. 1 at 7-10.  Petitioner acknowledges that his claims are "untimely" and explains that this is due to his lack of understanding of the legal definition of a firearm.  ECF No. 1 at 3.  Petitioner also asserts that he was led to believe by his attorney that a "pop gun" was considered a firearm as a matter of law.  ECF No. 1 at 3.

**II.     Motion to Dismiss**

In his motion to dismiss filed on November 19, 2020, respondent contends that the instant § 2254 petition was filed two years after the statute of limitations expired.  ECF No. 11.  Specifically, respondent calculates that petitioner's conviction became final on April 10, 2017 following the expiration of the 60-day period to file a direct appeal.  ECF No. 11 at 3.  The one-year statute of limitations governing § 2254 petitions commenced the next day and expired on April 10, 2018.  Id.  Respondent further asserts that petitioner is not entitled to any statutory tolling of the limitations period pursuant to 28 U.S.C. § 2244(d)(2) because all of his state habeas corpus petitions were filed after the statute of limitations had already expired.  See ECF No. 11 at 4 (citing Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003)).  Based on this calculation, respondent requests that petitioner's § 2254 application be dismissed.  ECF No. 11 at 4.

Petitioner filed a one-page opposition to the motion to dismiss on January 31, 2020.  ECF

---

[5] Although respondent correctly points out that the habeas petition does not contain any certificate of service and that it is more likely that it was actually submitted sometime after the March 25, 2020 California Supreme Court denial that is attached to it, the court will nevertheless give petitioner the benefit of the prison mailbox rule to this filing.  Ultimately, this case does not turn on the applicability of the prison mailbox rule to any of petitioner's state habeas applications or his federal petition.

3

No. 17. In it, petitioner does not request equitable tolling of the statute of limitations. ECF No. 17. Rather, petitioner asks for relief in the form of "a resentencing with the removal of [the] illegal gun enhancement…." ECF No. 17 at 1.

### III.    Legal Standards

#### A.  Statute of Limitations

Section 2244(d) (1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court. The one-year clock commences from several alternative triggering dates which are described as:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing ... is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court ... and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

#### B.  Statutory Tolling

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8 (2000). The statute of limitations is not tolled from the time when a direct appeal in state court becomes final to the time when the first state habeas petition is filed because there is nothing "pending" during that interval. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Moreover, the tolling provision of § 2244(d)(2) can only pause a clock not yet fully run; it cannot "revive" the limitations period once it has expired (i.e., restart the clock to zero). Thus, a state court habeas petition filed after the expiration of AEDPA's statute of limitations does not toll the limitations period under § 2244(d)(2). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.

2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

### C. Equitable Tolling

A court may equitably toll the statute of limitations if petitioner demonstrates: 1) the existence of an "extraordinary circumstance" that prevented him from timely filing; and, 2) that notwithstanding such an impediment he was diligently pursuing relief. See Holland v. Florida, 560 U.S. 631, 649 (2010). The Supreme Court has further clarified that the diligence required to establish entitlement to equitable tolling is not "'maximum feasible diligence'" but rather only "'reasonable diligence.'" Holland, 560 U.S. at 653 (citations omitted). However, the Ninth Circuit has cautioned that "the threshold necessary to trigger equitable tolling ... is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal citations and quotations omitted). Additionally, petitioner must demonstrate the causal relationship between the extraordinary circumstance and the untimely filing. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). With respect to equitable tolling, "the statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." Luna v. Kernan, 784 F.3d 640, 651 (9th Cir. 2015) (citing Gibbs v. Legrand, 767 F.3d 879, 891-92 (9th Cir. 2014)).

### IV. Analysis

In the instant case, petitioner's conviction became final on April 10, 2017 following the expiration of time to file a direct appeal. See 28 U.S.C. § 2244(d)(1)(A) (noting that the statute of limitations commences from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). The federal statute of limitations commenced the next day and expired one year later on **April 10**, **2018** absent any statutory or equitable tolling. Petitioner is not entitled to any statutory tolling of the statute of limitations because all of his state habeas challenges to his conviction were filed after the statute of limitations had already expired. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Even generously applying the prison mailbox

rule, petitioner's § 2254 application filed on January 9, 2020 was 1 year and 9 months late.[6] For these reasons, the undersigned recommends granting respondent's motion and dismissing petitioner's federal habeas application with prejudice as barred by the statute of limitations.

### V.     Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

After reviewing the motion to dismiss and the arguments made in opposition, the undersigned has determined that you filed your federal habeas petition too late.  The court reached this conclusion in large part because none of the habeas corpus petitions that you filed in state court paused the time period for filing your federal habeas petition in this court.  The one-year federal statute of limitations had already passed by the time you filed any state habeas petition challenging your conviction.  As a result, the claims raised in the habeas petition will not be addressed on the merits and it is recommended that your habeas petition be dismissed with prejudice.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed with prejudice because it was untimely filed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of

---

[6] Without utilizing the prison mailbox rule to determine the constructive filing date of petitioner's § 2254 application, respondent calculates that it was filed two years late. While this calculation is probably more realistic, the court has liberally applied the prison mailbox rule in this case due to the lack of court records available as a result of the COVID-19 pandemic.

appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 25, 2021

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/mcdo0881.mtd.sol.docx